IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| OSWALD HUGGINS, KELVINO HUNTER, and ABDUL NGOBEH, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LASERSHIP, INC. d/b/a ONTRAC FINAL MILE,<br><br>　　　　　Defendant. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>**Civil Action No. 1:24-cv-02345** |

Plaintiffs Oswald Huggins, Kelvino Hunter, and Abdul Ngobeh ("Plaintiffs"), individually and on behalf of all others similarly situated, through their attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.　This is a class and collective action on behalf of delivery drivers who worked for Defendant LaserShip, Inc. d/b/a OnTrac Final Mile ("OnTrac") and were unlawfully denied overtime and proper wage statements in violation of wage and hour laws. OnTrac contracts with various individuals called "Master Contractors," who are controlled by OnTrac and who in turn hire the delivery drivers who physically deliver packages from OnTrac's warehouses to homes and residents in a manner that OnTrac prescribes. OnTrac, through its Master Contractors, directs, controls, and supervises delivery drivers and the manner in which they perform their work. But OnTrac also unlawfully denies its delivery drivers the compensation, rights, and benefits it owes to employees by improperly classifying them as independent contractors.

2.	Plaintiffs were OnTrac delivery drivers who bring claims on behalf of themselves and other similarly situated delivery drivers who have been subject to OnTrac's unlawful practice of misclassifying delivery drivers as independent contractors, when in fact they are non-exempt employees.  OnTrac has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, by failing to pay its delivery drivers, including Plaintiffs, one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week.

3.	Plaintiffs Huggins, Hunter, and Ngobeh also bring this action pursuant to Virginia Overtime Wage Act, Va. Code § 40.1-29.2  ("VOWA"), and the Virginia Wage Payment Act, Va. Code § 40.1-29 ("VWPA"), on behalf of delivery drivers in the Commonwealth of Virginia who provided delivery services for OnTrac, and who, during the three-year period preceding the filing of this complaint, were unlawfully denied overtime pay and wage statements that contained the information required by statute about their compensation and employer.

## JURISDICTION AND VENUE

4.	This Court has original subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367.  Plaintiffs' state law claims are so closely related to their FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.	This Court has personal jurisdiction over OnTrac because OnTrac maintains its corporate headquarters in this District, does business in this District, and because some of the acts complained of and giving rise to the claims alleged occurred in and emanated from this District.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

7.  Plaintiff Oswald Huggins is an adult individual who is a resident of Norfolk, Virginia.  He worked as a delivery driver for OnTrac in Virginia from approximately October 2020 to approximately September 2024.  Throughout his employment with OnTrac, Plaintiff Huggins frequently worked more than 40 hours per week.  OnTrac did not pay Plaintiff Huggins any overtime compensation for any hours he worked in excess of 40 in any given workweek.  Plaintiff Huggins is a covered employee within the meaning of the FLSA and Virginia law.  A written consent form signed by Plaintiff Huggins is attached hereto as Exhibit A.

8.  Plaintiff Kelvino Hunter is an adult individual who is a resident of Smithfield, Virginia.  He worked as a delivery driver for OnTrac in Virginia starting in approximately August 2022.  He worked for OnTrac until he quit his employment in December 2023.  He then returned to work for OnTrac in August 2024 and is currently employed by OnTrac.  Throughout his employment with OnTrac, Plaintiff Hunter frequently worked more than 40 hours per week.  OnTrac did not pay Plaintiff Hunter any overtime pay for any hours he worked in excess of 40 in any given workweek.  Plaintiff Hunter is a covered employee within the meaning of the FLSA and Virginia law.  A written consent form signed by Plaintiff Hunter is attached hereto as Exhibit B.

9.  Plaintiff Abdul Ngobeh is an adult individual who is a resident of Alexandria, Virginia.  He worked as a delivery driver for OnTrac in Virginia and Maryland from 2018 or 2019 until 2020 or 2021 and from 2021 to December 2023, when OnTrac fired him. Throughout his employment with OnTrac, Plaintiff Ngobeh frequently worked more than 40 hours per week.  OnTrac did not pay Plaintiff Ngobeh any overtime pay for any hours he worked in excess of 40 in

any given workweek. Plaintiff Ngobeh is a covered employee within the meaning of the FLSA and Virginia law. A written consent form signed by Plaintiff Ngobeh is attached hereto as Exhibit C.

10. OnTrac is a corporation headquartered in Virginia and conducting business in 35 states, including Virginia. OnTrac employs individuals, including Plaintiffs, who are engaged in interstate commerce and/or in the production of goods for interstate commerce. At all times relevant, OnTrac's annual gross volume of sales made or business done was not less than $500,000. OnTrac is a covered employer within the meaning of the FLSA and Virginia law.

## FACTUAL ALLEGATIONS

### *OnTrac Jointly Employs Plaintiffs and Collective Members*

11. OnTrac provides final-mile delivery services to businesses and residences throughout the contiguous United States for its corporate customers. OnTrac's delivery drivers retrieve packages from OnTrac's warehouses, which are located throughout the United States, and in Virginia, and deliver them to homes and businesses in OnTrac's service areas.

12. OnTrac purports to assign its responsibilities as an employer of delivery drivers to people called "Master Contractors," who in practice act as middle managers for OnTrac. Upon information and belief, OnTrac assigns each Master Contractor a given territory with designated routes. Master Contractors in turn assign the routes to delivery drivers.

13. Together, OnTrac and its Master Contractors share, allocate, and codetermine the essential terms and conditions of delivery drivers' employment.

14. OnTrac retains the power to direct, control, or supervise Plaintiffs and delivery drivers, including by requiring drivers to report to work at OnTrac warehouses, meet with OnTrac dispatchers to review their manifests, travel delivery routes pre-determined by OnTrac, deliver

packages in an order determined by OnTrac, communicate with OnTrac dispatchers about the deliveries, and record information about the deliveries in a mobile application that is owned, developed, and managed by OnTrac.

15. OnTrac retains the power to modify the conditions of delivery drivers' employment, including by hiring and firing them. OnTrac approves the hire of each delivery driver and sets forth the conditions of work in its onboarding documents that drivers must sign. OnTrac can and does discipline drivers, up to and including termination.

16. For example, upon hire, Plaintiff Ngobeh met at OnTrac's warehouse with OnTrac's hiring manager, who required him to provide his license, identification, and other documents to process his hiring. In or around December 2023, an OnTrac dispatcher fired Plaintiff Ngobeh, telling him to leave the warehouse and not return.

17. Master Contractors operate under OnTrac's full control and at its behest. Master Contractors must register and pay for OnTrac's proprietary software application but cannot make changes to driver manifests. They do not have the power to control drivers, see what the drivers see on the application, or determine the order in which they make their stops. They cannot access the information that the application sends to OnTrac personnel. In essence, Master Contractors are dependent on OnTrac to ensure that deliveries within their territories are actually performed.

18. Delivery drivers perform integral aspects of delivery work – such as collecting and sorting packages for delivery – at OnTrac's warehouses. Plaintiffs and all similarly situated delivery drivers ("Collective Members") report to work at OnTrac warehouses and spend several hours of their working day there.

19. OnTrac provides Master Contractors with the money to pay delivery drivers.

### *Plaintiffs and Collective Members are OnTrac Employees*

20. Delivery drivers perform work that is essential to OnTrac's delivery business.

21. Delivery drivers begin work by reporting to OnTrac's warehouse. OnTrac requires delivery drivers to log onto OnTrac's proprietary application and perform a query that pulls a manifest, which dictates which packages delivery drivers pull and load onto their vehicles.

22. After pulling their daily manifest, delivery drivers locate the packages listed on their manifests in the warehouse. Using OnTrac's proprietary application, delivery drivers scan each package to confirm that the package has been loaded. Once they have collected all of their packages, which can take several hours, they load them into their vehicles and follow the route pre-determined in OnTrac's proprietary application. OnTrac prevents delivery drivers from seeing their route maps until they finalize their manifests.

23. Before leaving the warehouse, OnTrac's dispatchers may check delivery drivers' vehicles to confirm that they have all of the packages in their manifests. Throughout the course of the day, delivery drivers communicate with OnTrac's dispatchers about their progress on their routes. For example, Plaintiff Ngobeh frequently received calls from OnTrac dispatchers throughout the day instructing him about changes to his manifest. OnTrac's manifests dictate virtually every aspect of delivery drivers' workdays.

24. OnTrac's manifest sets forth the order by which delivery drivers deliver the packages. Once a package has been scanned into OnTrac's proprietary application, drivers cannot remove the packages from the manifest without assistance from OnTrac. OnTrac also controls delivery drivers' routes between stops: OnTrac's proprietary application contains a navigation system that Plaintiffs and Collective Members follow to complete the deliveries.

25. Delivery drivers are completely dependent on OnTrac for work. Delivery drivers must perform work pursuant to OnTrac's dictates. They are not required to, and do not exercise, managerial skill. Their job is to deliver OnTrac's packages, not grow their own delivery businesses, and they do not earn more money if they deliver packages more efficiently or more quickly.

26. Delivery drivers are not required to make capital investments to perform their duties. Their jobs can be performed using their personal vehicles or with vehicles owned by their Master Contractor. Delivery drivers do not employ other workers.

27. Delivery drivers may work for OnTrac indefinitely until they resign.

28. Delivery drivers do not have control over the manner in which their work is performed. Their routes are predetermined by OnTrac. They cannot change the number or type of packages they deliver on a given day.

29. While important and deserving of respect – and fair pay – the work performed by Plaintiffs and delivery drivers does not require any specialized skills. Delivery drivers do not need any special certifications, knowledge, or training to perform their delivery duties for OnTrac.

***OnTrac Requires Plaintiffs and Collective Members to Work Long Hours Without Overtime Compensation***

30. Delivery drivers are paid per package delivered and do not receive additional hourly compensation for work over 40 hours per week. Delivery drivers routinely work over 40 hours per week performing their delivery duties for OnTrac.

31. Delivery drivers spend approximately two to three hours at OnTrac's warehouse before beginning their routes, and sometimes up to five hours. During this time, delivery drivers perform job duties that include stocking their vehicles with packages from the warehouse. They

are not paid for the time they spend at OnTrac's warehouses before beginning their routes or for the time they spend driving to the start of their routes.

33. OnTrac is aware that Plaintiffs and Collective Members routinely work over 40 hours per week because OnTrac's proprietary application records OnTrac drivers' location when they are on route making deliveries. Additionally, when an OnTrac driver completes a delivery, the delivery is recorded in OnTrac's proprietary application in real time. Accordingly, OnTrac has access to and can view real-time data showing when OnTrac drivers complete their delivery routes for the day.

*OnTrac's Conduct is Willful*

33. OnTrac willfully failed to pay Plaintiffs and Collective Members for all overtime hours worked.

34. OnTrac is a large, sophisticated corporation that has been in operation for decades.

35. OnTrac's delivery drivers have raised claims against OnTrac several times, in different jurisdictions, challenging their classification as independent contractors. Accordingly, OnTrac should know or should have known that its employment practices violate the law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and similarly situated delivery drivers nationwide who worked for OnTrac since December 23, 2024, and who elect to opt in to this action (the "FLSA Collective" or "Collective Members").

37. OnTrac is liable under the FLSA for, *inter alia*, failing to properly pay Plaintiffs and other putative members of the FLSA Collective for all overtime wages owed.

38. Plaintiffs and Collective Members are covered employees under the FLSA and

entitled to minimum and overtime wages.

39. Plaintiffs and Collective Members are similarly situated.

40. Plaintiffs and Collective Members have similar job requirements and are subject to common practices, policies, or plans by which OnTrac fails to pay them for all work performed.

41. For example, as discussed above, Plaintiffs and Collective Members all perform the same delivery duties, are subject to the same employment practices governing their work, and are uniformly misclassified as independent contractors.

42. Consistent with OnTrac's policy and pattern or practice, Plaintiffs and Collective Members are not paid an overtime premium when they work more than 40 hours in a workweek.

43. All of the work that Plaintiffs and Collective Members have performed has been assigned by OnTrac and/or OnTrac has been or should have been aware of all of the work that Plaintiffs and Collective Members have performed.

44. As part of its regular business practice, OnTrac has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and Collective Members. This policy and pattern or practice includes, but is not limited to:

  (a) Willfully failing to pay Plaintiffs and Collective Members overtime wages for hours that they worked in excess of 40 hours per workweek for OnTrac; and

  (b) Willfully failing to record all of the time that its employees, including Plaintiffs and Collective Members, have worked for the benefit of OnTrac.

45. OnTrac is aware or should have been aware that federal law requires it to pay Plaintiffs and Collective Members an overtime premium for all hours worked in excess of 40 hours per workweek.

46. OnTrac's unlawful conduct has been widespread, repeated, and consistent.

47. There are many similarly situated current and former OnTrac delivery drivers who have been subject to the above violations of the FLSA who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it.

48. Similarly situated employees are known to OnTrac, are readily identifiable, and can be located through OnTrac's records.

49. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## VIRGINIA CLASS ACTION ALLEGATIONS

50. Plaintiffs Huggins, Hunter, and Ngobeh bring the Second and Third Causes of Action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and similarly situated co-workers who worked as delivery drivers for OnTrac in Virginia since December 23, 2024 (the "Virginia Class"), for relief to redress and remedy OnTrac's violations of the VWPA and VOWA, Virginia Code §§ 40.1-29 *et seq.* and 40.1-29.2 *et seq.*

51. Excluded from the Virginia Class are OnTrac's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in OnTrac; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Virginia Class.

52. Virginia Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based exist and are presently within the sole control of OnTrac.

53. Upon information and belief, the size of the Virginia Class is at least 300 workers.

54. OnTrac acted or refused to act on grounds generally applicable to the Virginia Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Virginia Class as a whole.

55. The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Virginia Class that predominate over any questions solely affecting individual members of the Virginia Class, including but not limited to:

   a. whether OnTrac failed and/or refused to timely pay Plaintiffs and Virginia Class Members for all hours and overtime worked in violation of the VWPA and VOWA;

   b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c. whether OnTrac directly or jointly employed Virginia Class Members under the VWPA and VOWA;

   d. whether Virginia Class Members are employees under the VWPA and VOWA;

   e. whether OnTrac failed to keep true and accurate time records for all hours worked by Virginia Class Members;

   f. whether OnTrac failed to provide accurate itemized wage statements to the Virginia Class;

   g. whether OnTrac's conduct was willful or was done knowingly; and

   h. the nature and extent of the Class-wide injury and the appropriate measure of damages for the Virginia Class.

56. Plaintiffs' claims are typical of the claims of the Virginia Class sought to be represented.

57. Plaintiffs and Virginia Class Members work or have worked for OnTrac and have been subjected to its policy and pattern or practice of failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide accurate wage statements.

58. OnTrac acted and/or refused to act on grounds generally applicable to Plaintiffs and Virginia Class Members, thereby making injunctive and/or declaratory relief with respect to the Virginia Class appropriate.

59. Plaintiffs will fairly and adequately represent and protect the interests of the Virginia Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Virginia Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Virginia Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions about the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Virginia Class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Virginia Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and at trial.

60. Plaintiffs have retained Outten & Golden LLP and McGillivary Steele Elkin LLP, which are competent firms and experienced in complex class action employment litigation.

61. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Virginia Class have been damaged and are entitled to recovery as a result of OnTrac's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the

Virginia Class are not *de minimis*, such damages are small compared to the expense and burden of prosecuting individual lawsuits. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about OnTrac's practices.

62. Plaintiffs reserve the right to establish subclasses, or modify any class or subclass definition, as appropriate.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Failure to Pay Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

63. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

65. At all relevant times, Plaintiffs and other similarly situated current and former delivery drivers were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, OnTrac employed Plaintiffs and the FLSA Collective.

67. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* of the FLSA apply to OnTrac.

68. At all relevant times, OnTrac has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69. At all relevant times, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70. OnTrac failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

71. Plaintiffs and other similarly situated current and former delivery drivers do not qualify for any FLSA exemption because they are not paid on a salary basis, are paid less than the threshold to qualify for an exemption, 29 U.S.C. § 213(a)(17), and do not perform exempt job duties.

72. OnTrac's violations of the FLSA have been willful and intentional. OnTrac failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

73. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. As a result of OnTrac's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

75. As a result of the unlawful acts of OnTrac, Plaintiffs and other similarly situated current and former delivery drivers have been deprived of overtime pay and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Virginia Overtime Wage Act: Failure to Pay Overtime Premiums**
**(Brought on behalf of Plaintiffs and the Virginia Class)**

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77. At all relevant times, OnTrac has employed Plaintiffs and the Virginia Class within the meaning of the VOWA.

78. Virginia Code § 40.1-29.2 (VOWA) requires employers to pay non-exempt employees for all overtime hours worked, calculated at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per week.

79. Plaintiffs and Virginia Class Members were and/or are non-exempt employees entitled to the protections of the VOWA.

80. In violation of the VOWA, OnTrac knowingly and willfully failed to pay Plaintiffs and Virginia Class Members for all overtime hours worked.

81. Pursuant to the VOWA, Plaintiffs and Virginia Class Members are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**
**Virginia Wage Payment Act: Failure to Timely Pay Proper Wages**
**(Brought on behalf of Plaintiffs and the Virginia Class)**

82. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83. At all relevant times, OnTrac has employed Plaintiffs and the Virginia Class in the Commonwealth of Virginia within the meaning of Virginia Code § 40.1-29 (VWPA) and Virginia Code § 40.1-29.2 (VOWA).

84. At all relevant times, Plaintiffs and Virginia Class Members were non-exempt employees entitled to the protections of the VWPA and VOWA.

85. The VWPA and the VOWA require OnTrac to pay Plaintiffs and the Virginia Class for all overtime hours worked upon the termination of their employment.

86. During the relevant time period, OnTrac knowingly failed to pay Plaintiffs and Virginia Class Members overtime wages for all hours worked upon the termination of their employment.

87. Pursuant to the VOWA and VWPA, Plaintiffs and the Virginia Class are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees. Additionally, because OnTrac knowingly failed to pay Plaintiffs and the Virginia Class in accordance with the law, they are entitled to an amount equal to triple the amount of wages due.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. An order pursuant to 29 U.S.C. § 216(b) of the FLSA that, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective as defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining OnTrac from continuing its unlawful practices;

F.  A reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other drivers, and the risks they have undertaken.

G.  Certification of the Virginia claims in this action as a class action;

H.  Designation of Plaintiffs Huggins, Hunter, and Ngobeh as the Class Representatives of the Virginia class claims;

I.  Unpaid overtime pay and an additional amount in double or treble damages, according to the date of the violation, under VOWA;

J.  Unpaid wages due and an additional amount in treble damages under the VWPA;

K.  Pre-judgment and post-judgment interest as provided by law;

L.  Appropriate statutory penalties;

M.  Attorneys' fees and costs of the action;

N.  Such other injunctive and equitable relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 23, 2024

Respectfully submitted,

By: /s/ Molly A. Elkin
    Molly A. Elkin

Molly Elkin (Va. Bar No. 40967)
Patrick Miller-Bartley*
**McGillivary Steele Elkin LLP**
1101 Vermont Ave NW, Suite 1000
Washington, D.C. 20005
Phone: (202) 833-8855
Fax: (202) 452-1090
Email: mae@mselaborlaw.com
Email: pmb@mselaborlaw.com

Michael J. Scimone*

Chauniqua Young*
Amy L. Maurer*
**Outten & Golden LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Email: mscimone@outtengolden.com
Email: cyoung@outtengolden.com
Email: amaurer@outtengolden.com


Hannah Cole-Chu*
**Outten & Golden LLP**
1225 New York Ave, NW Suite 1200B
Washington, D.C. 20005
Telephone: (202) 915-5810
Email: hcolechu@outtengolden.com

**Pro hac vice* application forthcoming

*Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Class*